United States District Court
Northern District of Texas
Office of the Clerk

*1100 Commerce Room 14A20*
*Dallas, Texas 75242-1003*

April 21, 2004

U.S. District Court
1 Courthouse Way, Suite 2300
Boston, MA 02210

SUBJECT: Diversified Corporate Resources Inc et al v. Oxford Global Resources Inc 3:04-cv-697-M

Dear Sir or Madam:

The above action has been transferred to your court pursuant to the order of Judge Barbara M. G. Lynn dated April 7, 2004.

Enclosed are the necessary documents for transfer including a certified copy of the docket sheet.

A copy of this letter and a return envelope are enclosed for your convenience in acknowledging receipt of the file.

MAGISTRATE JUDGE Bowler

Sincerely,
KAREN MITCHELL
*Clerk of Court*

By: Nicole Phillips
Nicole Phillips
*Deputy Clerk*

Enclosure

---

Please acknowledge below, receipt of the documents described above and the case number assigned:

04 10828 DPW

Date: _____     Case No.: _____

Clerk, U.S. Court

By: _____
*Deputy Clerk*

CLOSED, RAMIREZ, TDIS

# U.S. District Court
## Northern District of Texas (Dallas)
### CIVIL DOCKET FOR CASE #: 3:04-cv-00697
#### Internal Use Only

Diversified Corporate Resources Inc et al v. Oxford Global Resources Inc
Assigned to: Judge Barbara M. G. Lynn
Lead Docket: 3:03-cv-03029
Related Case: 3:03-cv-03029
Cause: 28:1332 Diversity-Petition for Removal

Date Filed: 04/07/2004
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**04 10828 DPW**

**Plaintiff**

-----------------------

**Diversified Corporate Resources Inc**   represented by   **Jeffrey R Seckel**
McGuire Craddock & Strother
Lincoln Plaza
500 N Akard St
Suite 3550 LB 65
Dallas, TX 75201
214/954-6800
Fax: 214/954-6868 FAX
Email: jseckel@mcguirecraddock.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sabatino Guerriero**   represented by   **Jeffrey R Seckel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Smith**   represented by   **Jeffrey R Seckel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew D'Agostino**   represented by   **Jeffrey R Seckel**
(See above for address)
*LEAD ATTORNEY*

Certified a true copy of an instrument on file in my office on April 21, 2003
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

1 of 4

4/21/2004 11:48 AM

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

------------------------

**Oxford Global Resources Inc**   represented by   **Daniel K Craddock**
Stumpf Craddock Massey &
Pullman - Austin
1250 Capital of Texas Hwy South
Bldg 1 Suite 420
Austin, TX 78746
512/485-7920
Email: dcraddock@scmplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/22/2003 | 1 | NOTICE OF REMOVAL filed by Oxford Global Resources Inc from 44th Judicial District, Dallas County, TX, case number 03-11995-B. (Filing fee $ 150 receipt number (nap, ) (Entered: 04/09/2004) |
| 12/22/2003 | 2 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Oxford Global Resources Inc. (nap, ) (Entered: 04/09/2004) |
| 12/22/2003 | 3 | Defendant's Party and Counsel List filed by Oxford Global Resources Inc. (nap, ) (Entered: 04/09/2004) |
| 12/24/2003 | 4 | MOTION to Dismiss or, Alternatively, MOTION to Transfer Venue by Oxford Global Resources Inc. (nap, ) (Entered: 04/09/2004) |
| 12/24/2003 | 5 | Appendix in Support of 4 MOTION to Dismiss or, Alternatively, MOTION to Transfer Venue filed by Oxford Global Resources Inc. (Not imaged)(nap, ) (Entered: 04/09/2004) |

| 01/15/2004 | 6 | RESPONSE to Defendant's 4 MOTION to Dismiss, and in the Alternative, MOTION to Transfer Case out of District/Division filed by Matthew D'Agostino, Diversified Corporate Resources Inc, Sabatino Guerriero, David Smith. (nap, ) (Entered: 04/09/2004) |
|---|---|---|
| 01/29/2004 | 7 | REPLY to Response to 4 MOTION to Dismiss or, Alternatively, to Transfer Venue filed by Oxford Global Resources Inc. (nap, ) (Entered: 04/09/2004) |
| 01/29/2004 | 8 | Appendix in Support of 7 Reply to Response to Motion filed by Matthew D'Agostino, Diversified Corporate Resources Inc, Sabatino Guerriero, David Smith. (Not imaged)(nap, ) (Entered: 04/09/2004) |
| 02/25/2004 | 9 | AMENDED COMPLAINT against Oxford Global Resources Inc , filed by Matthew D'Agostino, Diversified Corporate Resources Inc, Sabatino Guerriero, David Smith.(nap, ) (Entered: 04/09/2004) |
| 04/07/2004 | | ***Magistrate Judge Irma C. Ramirez chosen by random selection to handle matters that may be referred in this case. (nap, ) (Entered: 04/09/2004) |
| 04/07/2004 | 10 | ORDER granting 4 Motion to Dismiss or, Alternatively, MOTION to Transfer Venue. The Court severs from Civil Action 3:03-CV-3029-M the claims asserted by Guerriero, Smith, D'Agostino, and DCRI for declaratory judgment that the covenants not to compete contained in Guerriero's, Smith's, and D'Agostino's Employment Agreements are unenforceable and their claims for attorneys' fees, costs, and pre-judgment and post-judgment interest. The Court assigns these claims the Civil Action No. 3:04-CV-697-M. The Clerk of Court is directed to make certified copies of all the filings in Civil Action No. 3:04-CV-697-M, except Dft's 3/31/04 Motion for Leave to Serve Supplemental Pleading and Appendix, and to include them in the case file of Civil Action No. 3:04-CV-697-M. The Court transfers Civil Action No. 3:04-CV-697-M to the District of Massachusetts. In the interest of judicial economy, the Court sua sponte transfers the remaining claims (in case 3:03-CV-3029-M) to the docket of the Honorable David |

| | | |
|---|---|---|
| | | C. Godbey for possible consolidation with Civil Action No. 3:04-CV-330-N. All pleadings filed hereafter in said cause shall reflect the docket number as Civil Action No. 3:03-CV-3029-N. (Signed by Judge Barbara M. G. Lynn on 4/7/04) (nap, ) Modified on 4/19/2004 (nap, ). (Entered: 04/09/2004) |
| 04/07/2004 | ● | Interdistrict Transfer to District of Massachusetts. (nap, ) (Entered: 04/09/2004) |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIVERSIFIED CORPORATE RESOURCES, INC., SABATINO GUERRIERO, DAVID SMITH, MATTHEW D'AGOSTINO, JOSHUA FOWLER, ZACHARY FISCHER, FREDERICK J. OBERT, and MICHELLE CESSNUM, | § § § § § § § § | |
| Plaintiffs, | § | |
| v. | § § | 3:03-CV-3029-M |
| OXFORD GLOBAL RESOURCES, INC., | § § § | |
| Defendant. | § | |



APR - 7 2004

## ORDER

On October 6, 2003, Oxford Global Resources, Inc. ("Oxford") filed an Amended Complaint[1] in Massachusetts state court against its former employees Sabatino Guerriero, David Smith, and Matthew D'Agostino, seeking injunctive and monetary relief related to the alleged breach of their respective Employer Agreements and/or Confidentiality, Non-Solicitation and Non-Competition Agreements. On October 27, 2003, Guerriero, Smith, and D'Agostino removed the action to the United States District Court for the District of Massachusetts, where it was assigned to the docket of the Honorable Douglas P. Woodlock. ✓ 03-12078 DPW

On November 11, 2003, Guerriero, Smith, and D'Agnostino, together with their current employer Diversified Corporate Resources, Inc. ("DCRI"), filed suit in Texas state court seeking a declaratory judgment that the covenants not to compete contained in the Employment

---

[1] The record before the Court does not contain the date of the filing of the Original Complaint in Massachusetts state court.

1

Certified a true copy of an instrument on file in my office on April 21, 2004
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

Agreements of Guerriero, Smith, and D'Agostino are unenforceable. On December 22, 2003, Oxford removed this action to the United States District Court for the Northern District of Texas, Dallas Division, where it was assigned to the docket of this Court.

On December 24, 2003, Oxford filed a Motion to Dismiss or, Alternatively, Motion to Transfer Venue. On February 25, 2004, after Oxford's Motion was fully briefed, the plaintiffs filed a First Amended Original Complaint, adding four plaintiffs to the case: Joshua Fowler, Zachary Fischer, Frederick J. Obert, and Michelle Cessnum. The First Amended Original Complaint does not amend the factual allegations or requests for relief as related to plaintiffs Guerriero, Smith, D'Agostino, and DCRI. Therefore, the Court will determine whether it is appropriate to dismiss or, alternatively, transfer the claims asserted by Guerriero, Smith, D'Agostino, and DCRI.

Oxford argues that the claims for declaratory judgment on the enforceability of the covenants not to compete in the Employment Agreements of Guerriero, Smith, and D'Agostino should be dismissed, or alternatively, transferred to the United States District Court for the District of Massachusetts, because the principle of comity and the forum selection clauses in the Confidentiality, Non-Solicitation and Non-Competition Agreements signed by Guerriero and D'Agostino so require.

"The federal courts long have recognized that the principle of comity requires federal district courts--courts of coordinate jurisdiction and equal rank--to exercise care to avoid interference with each other's affairs." *West Gulf Mar. Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). The concerns underlying this principle of comity are "to avoid the

2

waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* In order to avoid the aforementioned concerns, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.* The critical inquiry is not whether the earlier-filed action is identical to the later case but whether there is "substantial overlap." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Here, the case pending in the District of Massachusetts is the earlier-filed suit. The determination of whether the covenants not to compete contained in Guerriero's, Smith's, and D'Agostino's Employment Agreements are enforceable is central to whether Guerriero, Smith, and D'Agostino can be liable for breaching those covenants and to whether Oxford is entitled to injunctive relief to enforce those covenants. Additionally, the Court recognizes that the concerns underlying the principle of comity are invoked here. First, since Judge Woodlock must resolve whether the covenants not to compete are enforceable, this Court's determination of that issue would be duplicative and wasteful. Second, if this Court were to determine whether the covenants not to compete in Guerriero's, Smith's, and D'Agostino's Employment Agreements are enforceable, this Court would trench upon the authority of Judge Woodlock, before whom this issue is already pending. Finally, this Court's determination of whether the covenants not to compete are enforceable would result in piecemeal resolution of issues that call for a uniform result. Therefore, the Court concludes that there is "substantial overlap" between the claims for declaratory judgment on the enforceability of the covenants not to compete in Guerriero's, Smith's, and D'Agostino's Employment Agreements and the claims asserted in the earlier-filed

3

case.[2]

Oxford contends that the claims should be dismissed, or alternatively, transferred as a result of this "substantial overlap." In *Cadle Co. v. Whataburger of Alice, Inc.*, the Fifth Circuit held that the district court erred by dismissing the second-filed suit rather than transferring it to the court where the first-filed suit was pending: "Thus, once the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the Laredo court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (noting that the "Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed"). Therefore, guided by the Fifth Circuit's general rule, the Court finds that the claims should be transferred to the District of Massachusetts rather than dismissed.

DCRI contends that transfer of DCRI's claims for declaratory judgment to the District of Massachusetts would be improper because DCRI is not a party to the case already pending in the District of Massachusetts and because Oxford has not shown that DCRI would be subject to personal jurisdiction in Massachusetts. The Court will address each argument in turn.

First, "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power Ltd.*, 121 F.3d at 951. Although

---

[2] The Court notes that the exercise of judicial comity is especially appropriate where, as here, declaratory relief is sought. *West Gulf*, 751 F.2d at 729 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 155 (1967)) ("In particular, '[a] court may . . . in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.'").

4

DCRI is not a party to the earlier-filed case, DCRI's sole interest in this case is premised on whether the covenants not to compete in Guerriero's, Smith's, and D'Agostino's Employment Agreements are enforceable. Therefore, the Court concludes that the absence of DCRI in the earlier-filed action does not belie the finding of "substantial overlap" between the two cases.

Second, DCRI's argument that Oxford has not shown that DCRI would be subject to personal jurisdiction in Massachusetts is inapposite. If DCRI were a defendant in an action being transferred to Massachusetts, the Court would engage in at least a minimal inquiry into whether the Massachusetts court can assert personal jurisdiction over DCRI. *See West Gulf*, 751 F.2d at 731 n.5 (noting that "it appears that a New York court would have jurisdiction over the local unions"); *Cal. Sec. Co-Op, Inc. v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 319 (E.D. Tex. 1995) ("[I]t must be determined whether there is a reasonable probability that the Kansas court has personal jurisdiction over SCOPA."). In this case, however, DCRI is a plaintiff in an action being transferred to Massachusetts.

The Fifth Circuit has frequently cited with approval *National Health Federation v. Weinberger*, 518 F.2d 711 (7th Cir. 1975), where the plaintiffs in a second-filed suit were not parties in the first-filed suit. *Save Power*, 121 F.3d at 951 (citing *Weinberger* as "dismissing second-filed action without prejudice even though it involved different plaintiffs than the first-filed action"); *West Gulf*, 751 F.2d at 731 n.5 (same). In *Weinberger*, the Seventh Circuit analyzed the circumstances and found that requiring the plaintiffs, who were not parties to the action already pending in New York, to refile in New York was equitable. *Weinberger*, 518 F.2d at 714. Here, on October 27, 2003, DCRI's fellow plaintiffs removed the case pending in

5

Massachusetts, and were thus clearly aware of the pendency of that suit when they filed the declaratory judgment action in Texas. Their knowledge can be imputed to DCRI, who is their co-plaintiff and their employer and who is represented by the same counsel in this case. Further, even if DCRI determines that it would prefer not to pursue the suit once it is transferred to Massachusetts, the relief sought by DCRI is duplicative of the relief sought by Guerriero, Smith, and D'Agnostino and of the issues already pending before Judge Woodlock.[3] Therefore, the Court finds that if it wishes to proceed, requiring DCRI to pursue these claims in Massachusetts rather than Texas is an equitable result.[4]

Therefore, the Court severs from Civil Action No: 3:03-CV-3029-M the claims asserted by Guerriero, Smith, D'Agostino, and DCRI for declaratory judgment that the covenants not to compete contained in Guerriero's, Smith's, and D'Agostino's Employment Agreements are unenforceable and their claims for attorneys' fees, costs, and pre-judgment and post-judgment interest. The Court assigns these claims the Civil Action No. 3:04-CV-697-M. The Clerk of Court is directed to make certified copies of all the filings in Civil Action No. 3:03-CV-3029-M, except Defendant's March 31, 2004 Motion for Leave to Serve Supplemental Pleading and

---

[3] The Court does not address Oxford's argument that DCRI lacks standing to seek a declaratory judgment on the enforceability of the covenants not to compete. *See Cadle Co.*, 174 F.3d at 606 (finding that the district court properly limited its inquiry to the potential overlap between the two cases, without addressing whether the plaintiff had standing to assert the claims in the second-filed case). Therefore, to avoid trenching on the authority of the Massachusetts district court, the Court does not address the issue of standing.

[4] Because the Court finds that transfer to the District of Massachusetts is proper based on the principle of comity, the Court does not reach the issue of whether the forum selection clauses in the Confidentiality, Non-Solicitation and Non-Competition Agreements signed by Guerriero and D'Agostino are mandatory or permissive.

6

Appendix,[5] and to include them in the case file of Civil Action No. 3:04-CV-697-M. The Court transfers Civil Action No. 3:04-CV-697-M to the District of Massachusetts.

Remaining in this case are the claims asserted by DCRI, Fowler, Fischer, Obert, and Cessnum for declaratory judgment that the covenants not to compete contained in Fowler's, Fischer's, Obert's, and Cessnum's Employment Agreements are unenforceable and their claims for attorneys' fees, costs, and pre-judgment and post-judgment interest. In the interest of judicial economy, the Court *sua sponte* transfers these remaining claims to the docket of the Honorable David C. Godbey for possible consolidation with Civil Action No. 3:04-CV-330-N. All pleadings filed hereafter in said cause shall reflect the docket number as Civil Action No. 3:03-CV-3029-N.[6]

**SO ORDERED.**

April 7, 2004.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[5] The only issue in Defendant's Supplemental Motion to Dismiss, which Oxford seeks leave to serve and file, that applies to the severed claims is whether DCRI has standing to bring suit. If Oxford wishes to file a motion for leave to file a motion to dismiss DCRI for lack of standing once the severed claims are transferred to the District of Massachusetts, Oxford may do so.

[6] Defendant's Motion for Leave to Serve Supplemental Pleading, filed March 31, 2004, remains pending for determination by Judge Godbey.